IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>            Plaintiff, )<br>  )<br>     v. )<br>  )<br>APPROXIMATELY $24,700 IN U.S. )<br>CURRENCY, and )<br>  )<br>APPROXIMATELY $5,000 IN U.S. )<br>CURRENCY, )<br>  )<br>            Defendants. )<br>_____ ) | 2:10-cv-03118-GEB-DAD<br><br>ORDER GRANTING THE<br>GOVERNMENT'S MOTION FOR<br>SUMMARY JUDGMENT; STRIKING<br>CLAIMANTS' CLAIMS AND<br>ANSWERS; AND FORFEITING THE<br>DEFENDANT CURRENCY TO THE<br>UNITED STATES* |

The government seeks summary judgment in this *in rem* forfeiture action, arguing that under 21 U.S.C. § 881(a)(6) the Defendants currency is forfeited "because the money was furnished or intended to have been furnished in exchange[] for a controlled substance." (Motion for Summary Judgment ("Mot.") 1:18-20, ECF No. 18-1.) The government also seeks an order striking claims filed by Jacquay Washington ("Washington") and Raminder Sall ("Sall") (collectively, "Claimants"), "under Rule G(8)(c) of the Supplemental Rules for asset forfeiture actions[,] . . . because the claimants have not responded to the United States' special interrogatories." (Mot. 1:20-24.) Washington and Sall have not opposed the government's motion.

---

\* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1 A party seeking summary judgment bears the initial burden of
2 demonstrating the absence of a genuine issue of material fact for trial.
3 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is
4 'material' when, under the governing substantive law, it could affect
5 the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat. Trust and
6 Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (citing Anderson v.
7 Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material
8 fact is "genuine" when "the evidence is such that a reasonable jury
9 could return a verdict for the nonmoving party." Id.

10 "Summary judgment procedures must necessarily be construed in
11 light of the statutory law of forfeitures, and particularly the
12 procedural requirements set forth therein." U.S. v. Currency, U.S.
13 $42,500.00, 283 F.3d 977, 979 (9th Cir. 2002) (citation omitted). In
14 civil forfeiture actions "the burden of proof is on the Government to
15 establish, by a preponderance of the evidence, that the property is
16 subject to forfeiture." 18 U.S.C. § 983(c)(1). "Under 21 U.S.C. §
17 881(a)(6), seized money is subject to forfeiture if it is (1) furnished
18 or intended to be furnished in exchange for a controlled substance; (2)
19 traceable to such an exchange; or (3) used or intended to be used to
20 facilitate a violation of federal drug laws." U.S. v. $22,474.00 in U.S.
21 Currency, 246 F.3d 1212, 1215 (9th Cir. 2001) (quotation omitted). "The
22 determination whether the government has met its burden of proof is
23 based on the aggregate of the facts, including circumstantial evidence."
24 U.S. v. $49,790 in U.S. Currency, 763 F. Supp. 2d 1160, 1167 (N.D. Cal.
25 2010) (citing Currency, U.S. $42,500.00, 283 F.3d at 980).

26 The government argues that "Washington and Sall's claims
27 should be stricken[,] both because [they] lack[] standing and because
28 they failed to serve answers to the United States' special

1  interrogatories." (Mot. 7:2-3.) The government supports this argument by
2  citing to a Separate Statement of Undisputed Facts ("SUF"), that the
3  government filed under Local Rule 260(b), in which it states the
4  following is undisputed: "Washington and Sall's responses to the United
5  States' Special Interrogatories were due on July 2011[, n]either
6  Washington nor Sall served responses to the Special Interrogatories by
7  that date." (SUF No. 50.) Rule G(8) of the Supplemental Rules of the
8  Federal Rules of Civil Procedure for Admiralty or Maritime Claims and
9  Asset Forfeiture Actions ("Supplemental Rule") prescribes that the
10 claimant's claim and answer may be stricken for failing to respond to
11 the government's special interrogatories as required by Supplemental
12 Rule G(6). Since Washington and Sall each failed to respond to the
13 government's propounded special interrogatories, the government's
14 request to strike each Claimant's claim and answer is granted.

15        The government also argues its summary judgment motion should
16 be granted because "the aggregate of facts in this case establishes by
17 a preponderance of the evidence that there is a substantial connection
18 between the [D]efendant[s] currency and drug-related activities." (Mot.
19 11:13-15.) The government submits the following undisputed facts in
20 support of its summary judgment motion.

21        "On June 2, 2010, deputies with the Shasta County Sheriff's
22 Department conducted a traffic stop on Interstate 5 . . . in Redding,
23 California on a car driven by Washington" with Sall as a passenger. (SUF
24 Nos. 3-4.) The deputies found approximately $29,700 inside the car,
25 $5,000 was found in Sall's purse and $24,700 was found in a suitcase in
26 the trunk of the car. (SUF Nos. 18, 21.) The $5,000 was "wrapped in
27 various colored rubber bands" in five $1,000 bundles and the $24,700 was
28 "similarly bundled." Id. A "drug detection dog sniff[ed] the cash

3

separate from the . . . car and the dog positively alerted to all of the cash found in the car." (SUF No. 29.) Neither Sall nor Washington had sufficient legitimate income to account for the Defendants currency. (SUF Nos. 40-41.) Further, Washington and Sall provided inconsistent statements concerning the source and intended use of the money. (SUF Nos. 23-24, 35, 38-39.) In addition, Washington's cell phone was found in the car's passenger front door pocket containing "several messages consistent with sale of controlled substances" including two messages that "his money was ready for him." (SUF Nos. 30-32.) A "clear gallon-size plastic bag with loose marijuana buds" with a "gross weight of 1.2 ounces" was also found inside the car. (SUF No. 19.)

Possession of a large amount of money is "strong evidence that the money was furnished or intended to be furnished in return for drugs". U.S. v. $93,685.61 in U.S. Currency, 730 F.2d 571, 572 (9th Cir. 1984); see also U.S. v. $29,959.00 U.S. Currency, 931 F.2d 549, 553 (9th Cir. 1991) ("$29,959.00 is an extremely large amount") (internal quotation omitted). In addition, bundles of cash of various denominations wrapped in rubber bands has been found to be "indicative of a drug organization bundling money." U.S. v. $242,484.00, 389 F.3d 1149, 1161-62 (11th Cir. 2004); see also U.S. v. $129,727.00 U.S. Currency, 129 F.3d 486, 491 (9th Cir. 1997) (finding unusually wrapped currency as probative in determining a connection with drug-related activities).

The government also relies on the following statement of undisputed fact in support of its summary judgment motion:

> The defendant $24,700 and $5,000 constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. §

4

> 841 *et seq*. and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (SUF No. 1.)

The government supports this statement by citing to the requests for admission which were served separately on Washington and Sall, and to which a response was due by July 10, 2011. (Government's Requests for Admission from Washington and Sall, Khasigian Decl. Exs. C, D, ECF No. 18-3.) Neither Washington nor Sall responded by that date. (SUF No. 51.) "Unanswered requests for admission may be relied on as the basis for granting summary judgment." Conlon v. U.S., 474 F.3d 616, 621 (9th Cir. 2007); Fed. R. Civ. P. 36(a)(3).

The government has met its burden of establishing that its summary judgment motion should be granted. Therefore, the government's summary judgment motion is granted, and Defendants currency is forfeited to the United States of America. Judgment shall be entered in favor of Plaintiff.

Dated:  February 10, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge